IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Thomas Goggin, as Personal Representative of the Estate of Karen Marie Goggin, | ) ) ) ) | C/A No. 7:21-cv-03157-DCC |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| Blythe Construction Inc., Zachry Construction Corp., Johnson Mirmiran and Thompson Inc., Cowan Systems LLC, and John Allen Ferguson, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on Plaintiff's Motion to Compel Discovery from Defendants Cowan Systems LLC and John Allen Ferguson (collectively, "Defendants"). ECF No. 64.  Defendants filed a Response in Opposition, and Plaintiff filed a Reply.  ECF Nos. 65, 66.  For the reasons set forth below, the Motion is granted in part and denied in part.

## BACKGROUND

This case arises out of a multi-vehicle traffic accident that occurred on July 15, 2021, on Interstate 85 ("I-85"), near mile marker 90, in Cherokee County, South Carolina. ECF No. 1 at 1.  Plaintiff Thomas Goggin ("Thomas") was driving a 2014 Ford Escape, in which his wife, Karen Marie Goggin ("Karen"), was a passenger, when traffic on I-85 came to a stop.  *Id.* at 1, 6.  Thomas stopped his vehicle behind the line of traffic, but Defendant John Allen Ferguson, who was driving a commercial truck for Defendant Cowan Systems

LLC ("Cowan"), failed to stop and crashed into the rear of Thomas's vehicle at approximately 60 miles per hour.  *Id.* at 5–6.  As a result of the accident, Thomas sustained serious bodily injury, and Karen suffered serious injuries which proved fatal. *Id.* at 7, 10.

On December 13, 2022, the Court held a telephone discovery conference and directed the parties to meet and confer within 14 days regarding the disclosure protocol at issue here.  ECF No. 56.  The Court granted the parties' requests for extension to the meet and confer deadline on two occasions.  ECF Nos. 58, 60.  While the parties were able to reach agreement on the disclosure of data from Defendant Ferguson's cell phone, they continue to disagree regarding the scope of the information to be disclosed. Consequently, Plaintiff filed a Motion to Compel Discovery.  ECF No. 64.  Defendants filed a Response in Opposition, and Plaintiff filed a Reply.  ECF Nos. 65, 66.  The Motion is now before the Court.

## **APPLICABLE LAW**

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  A matter is relevant if it has any tendency to make a fact of consequence to the action more or less probable than it would be otherwise.  Fed. R. Evid. 401.  The district court may broadly construe this and the other rules enabling discovery, but it "must limit the frequency or extent of discovery otherwise allowed" if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; if the requesting party "has had ample opportunity to obtain the information

2

by discovery in the action"; or if it is otherwise "outside the scope permitted by Rule 26(b)(1)." Fed R. Civ. P. 26(b)(2). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1993).

## DISCUSSION

The parties have agreed to conduct a download of Defendant Ferguson's cell phone and to allow Defendants to examine the information retrieved for privilege purposes. ECF No. 64 at 1. Defendants propose a protocol that provides for two reports of information from the cell phone—one regarding content-based data and the other containing phone usage. ECF No. 65 at 5. Specifically, the content-based report would contain data, including photographs, movies, voicemails, text messages, social media items, and web pages, for the one-hour period before and after the accident from approximately 1:52 p.m. until 3:30 p.m. on July 15, 2021. *Id.* The phone usage report would provide information during the time period from 10:30 a.m. on July 12, 2021, until 1:59 p.m. on July 15, 2021, with the contents of the text messages, emails, photographs, movies, and social media messages redacted. *Id.* Instead, the report will provide a description of the phone's usage during this time period. *Id.* at 5–6. Plaintiff seeks to obtain content-based information for the three-day time period proposed for the phone usage report. ECF Nos. 64 at 2–3; 66 at 2.

Having considered the arguments and submissions of the parties, the Court grants in part and denies in part Plaintiff's Motion to Compel. The Court finds that the phone's content in the hours preceding the occurrence may be relevant to Defendant Ferguson's state of mind and mental, physical, or emotional condition beyond the obvious issue of

distraction immediately prior to the collision.  Accordingly, the Court adopts the following disclosure protocol for implementation by the parties: (1) the content-based data from Defendant Ferguson's cell phone shall be produced pursuant to the Confidentiality Order, dated July 25, 2022, for the period from 8:30 a.m. until 3:30 p.m. on July 15, 2021; and (2) the phone usage report for Defendant Ferguson's cell phone shall be produced for the period from 10:30 a.m. on July 12, 2021, until 3:30 p.m. on July 15, 2021.  The usage report will show when and how the phone was being used (e.g., calls, texts, social media, internet search, photographs, movies, music, etc.) during this time period, but its content will be redacted.  Any privileged content should be redacted and appropriately reflected on an accompanying privilege log.  Any private personal content may be designated as "Attorney's Eyes Only," as appropriate.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Compel Discovery [64] is **GRANTED IN PART AND DENIED IN PART** as set out.  Defendants Cowan Systems LLC and John Allen Ferguson are directed to produce the discovery outlined in the disclosure protocol above within 30 days of this Order.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 14, 2023
Spartanburg, South Carolina